Lara A. Swensen (8493)
　　lswensen@hjdlaw.com
HATCH, JAMES, & DODGE, P.C.
10 West Broadway, Suite 400
Salt Lake City, Utah 84101
Telephone: (801) 363-6363

Jon D. Cohen (*pro hac vice pending*)
　　jcohen@stahlcowen.com
STAHL COWEN CROWLEY LLC
55 W. Monroe St., Suite 1200
Chicago, Illinois 60603
Telephone: (312) 641-0060

*Attorneys for Plaintiff Cybage Software Pvt. Ltd*

### IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

| | |
|---|---|
| CYBAGE SOFTWARE PVT. LTD., <br><br>　　*Plaintiff,* <br><br>vs. <br><br>GO BANYAN, INC., and NUVI, <br><br>　　*Defendant.* | **COMPLAINT** <br><br> **JURY TRIAL DEMANDED** <br><br> Case No. 2:19-cv-00745 <br><br> Magistrate Cecilia M. Romero |

　　Cybage Software Pvt. Ltd., ("Cybage") by and through its counsel, hereby brings this Complaint against the above-named Defendants and alleges as follows:

### PARTIES

　　1.　　Cybage Software Pvt. Ltd. ("Cybage") is an Indian company, with its registered offices in Pune, India and its United States headquarters in the State of Washington.

1

2.      Go Banyan, Inc. ("Go Banyan") is a domestic corporation with its principal place of business in Lehi, Utah.

3.      Nuvi ("Nuvi") is a domestic corporation operating out of an office that is currently and/or formerly was utilized by Go Banyon in Lehi, Utah. Nuvi's principal place of business is in Utah.

## JURISDICTION AND VENUE

4.      Cybage's claim against Go Banyan arises pursuant to a breach of a written contract expressly requiring the application of Utah law. (An accurate copy of this written contract is attached hereto as Exhibit A[1]; *see* ¶ 18).

5.      This matter is properly before this Court pursuant to 28 U.S.C. § 1332(a)(1) because this is a dispute with a matter in controversy exceeding the sum of $75,000, and it is between Cybage (a corporate citizen of the State of Washington) and Go Banyan and Nuvi, corporate citizens of Utah.

6.      Venue is appropriate pursuant to Section 28 U.S.C. § 1391(d), 28 U.S.C Section 1391(b)(1) and 28 U.S.C Section 1391(b)(2) because a substantial part of the events or omissions giving rise to the claim occurred in this District and because the written contract underlying the dispute at issue expressly provides for an agreed-upon venue of any court residing in Utah. (See Exhibit A, ¶ 19).

---

[1] Portions of the Agreement are redacted to maintain the confidentiality of the terms of the Agreement.

**FACTS GIVING RISE TO CLAIMS**

7. Cybage is a high-tech staffing and consulting company with its U.S. headquarters in Redmond, Washington. Among other services, Cybage offers offshore and/or onsite technology consulting and program services.

8. On or about April 10, 2019, Cybage entered into a written Consulting and Service Agreement (hereinafter "Agreement") to provide certain services (the "Deliverables") to Go Banyan. (The redacted Agreement is attached hereto as Exhibit A). The Deliverables were provided to Go Banyan in the State of Utah.

9. Cybage timely sent invoices to Go Banyan with respect to the Deliverables it provided. (Accurate copies of invoices timely provided to Go Banyan are attached hereto as Exhibit B, redacted to remove account and banking information). Each invoice reflects the date the invoice was tendered to Go Banyan. Go Banyan did not pay any amounts due to Cybage with respect to the invoices attached as Exhibit B.

10. Attached hereto as Exhibit C is a document reflecting a breakdown of the amounts due with respect to the invoices reflected in Exhibit B. As reflected in Exhibit A to the Agreement (pgs. 16-17), "Non-payment of the invoiced amount within 30 days of receipt of each Invoice shall result in interest of 6% per month on the outstanding amount of each late invoice amount (compounding monthly), from the date of the invoice's due date until full payment of such invoice(s)."

11. On or about May 23, 2019, Nuvi issued a press release on its website and to third party news outlets announcing its "acquisition of social software company Banyan…" (*See* Ex. D).  A link to the same press release was posted on Go Banyan's own website.  Thereafter, on June 25, 2019, Nuvi employee Michael Alonzi informed Cybage that issues regarding outstanding payments and future contracts should be addressed to "Nuvi" since the firms had "merged."  (Ex. E).

12. After the May 23, 2019 merger of Nuvi and Go Banyan, Cybage continued to provide Deliverables under the Agreement.  Additionally, a Cybage onsite engineer (Madhuri Gondi) did work at the physical space that was taken over by Nuvi after the merger.  Cybage also worked with a Nuvi employee, Nate Astle, after the merger with respect to Deliverables.  Throughout June of 2019, Cybage worked closely with Nuvi software engineers and Nuvi management to modify and make changes to the Deliverables.  Such Nuvi employees included Shrikat Kalese, Abhishek Kondhare, Madhuri Gondi, Vikram Singh, Brett Flake, Nate Astle (Nuvi's Director of Engineering), Ajinkya Lele, Bipin Singh, Caine Nielsen, Brandon Bogar and Max Ogles.[2]

13. Despite this clear involvement by Nuvi with modifications and acceptance of the Deliverables, when faced with the question of non-payment, Nuvi's Corporate Counsel's subsequently asserted that "Nuvi…has no knowledge of accepting any services provided by Cybage."  (*See* Sept. 11, 2019, letter from Kimberly Scoville, attached as Exhibit F.)

---

[2] As recently as August 5, 2019, Nuvi software engineers have been sending materials and initiating communications with Cybage engineers with respect to the Deliverables, bug fixes and the like.

14. At no time did Go Banyan and/or Nuvi raise any complaints about the quality of the work provided, and they accepted the Deliverables provided by Cybage.

15. Upon information and belief, after Nuvi "merged" with Go Banyan, Nuvi took over Go Banyan's operations, office space, computers and certain system software. Upon information and belief, Nuvi is now in physical possession of and is utilizing the Deliverables provided by Cybage under the Agreement.

16. On August 9, 2019, after several attempts by Cybage to obtain payments due under the Agreement, Cybage sent a demand letter indicating, in relevant part, that Go Banyan was in breach of the Agreement, and that Go Banyan owed Cybage $137,757.00 (including contractual interest due through August 8, 2019). (*See* Ex. G). No payment of the invoices has been received to-date.

17. A second demand letter was sent on behalf of Cybage and a response was received from Nuvi's Corporate Counsel, asserting in relevant part that:

> While certain of the Banyan assets were acquired by NUVI the following month. [*sic*] The Cybage contract was not part of the assigned contracts in the transaction, and was not acquired by NUVI. NUVI did not contract with Cybage, and has no knowledge of accepting any services provided by Cybage.

(*See* Ex. F).

18. The Agreement provides, in relevant part that, "The rights and obligations of [Go Banyan] hereunder shall inure to the benefit of and shall be binding upon the successors and assigns of the Company, including any buyer." (Ex. A at ¶ 17).

## COUNT I
## BREACH OF CONTRACT
## (vs Go Banyan)

19. Cybage adopts and incorporates each of the above paragraphs as if fully reinstated and incorporated into this paragraph.

20. The Agreement constitutes a valid contract entered into by Go Banyan and Cybage.

21. Cybage fully performed all of its duties and obligations under the Agreement.

22. Go Banyan accepted the work and Deliverables provided by Cybage, but Go Banyan breached the Agreement by failing to pay for the services provided.

23. Cybage has been damaged as a result of Go Banyan's breach.

24. Under the Agreement, Cybage is entitled to 6% interest (compounded monthly) with respect to all invoices not paid within thirty-days.

25. In addition to other remedies that Cybage is entitled to, the Agreement also expressly provides that if Cybage is the prevailing party in any dispute arising under the Agreement then Go Banyan must pay for Cybage's expenses, "including expert witness fees and attorneys' fees…" (Ex. A, ¶ 19).

**WHEREFORE**, Cybage Software Pvt. Ltd., prays that this Court find Go Banyan to be in breach of the Agreement, and that Go Banyan be ordered to pay damages to Cybage in an amount to be determined by this Court, but no less than $133,757.00, plus interest, attorney fees and costs as a prevailing party, as well as any and all further relief as this Court may deem just.

## COUNT II
## BREACH OF CONTRACT
## (Alternative Count vs. Nuvi

26. Cybage adopts and incorporates each of the above paragraphs 1 through 25 as if fully reinstated and incorporated into this paragraph.

27. Upon information and belief, Nuvi was the successor and assign of the Agreement and fully assumed the obligations of Go Banyan with respect to same.

28 Cybage provided accepted Deliverables to Go Banyan that were transferred to and accepted by Nuvi.

29. Cybage also provided Deliverables directly to Nuvi that were accepted.

30. By and through Nuvi's actions, it is a successor to the Agreement.

31. Cybage fully complied with its obligations under the Agreement.

32. Nuvi is in breach for failing to pay for the Deliverables provided by Cybage under the Agreement.

33. Cybage has been damaged by Nuvi's breach of the Agreement.

**WHEREFORE**, Cybage Software Pvt. Ltd., prays that this Court find Nuvi to be in breach of the Agreement, and that Nuvi be ordered to pay damages to Cybage in an amount to be determined by this Court, but no less than $133,757 plus interest, attorneys' fees and costs as a prevailing party, as well as any and all other relief this Court may deem appropriate.

**COUNT III**
**Utah Uniform Voidable Transactions Act – Utah Code Section 25-6-1 et seq**
**(Alternative Claim vs Go Banyan and Nuvi)**

34. Cybage adopts and incorporates each of the above paragraphs 1 through 33 as if fully reinstated and incorporated into this Paragraph.

35. Cybage was a creditor of Go Banyan when Go Banyan, upon information and belief, sold its assets to Nuvi.

36. Go Banyan sold its assets with the actual intent to hinder, delay and/or defraud Cybage.

37. The transfer of Go Banyan's obligation to Nuvi was misrepresented by Go Banyan to Cybage in emails where it was promised that Nuvi would pay for the Deliverables.

38. Cybage made several demands for payments owed by Go Banyan before it sold its assets to Nuvi.

39. On information and belief, Go Banyan and its owners have absconded with the payments made by Nuvi for the assets, which should have included payments for the Deliverables.

**WHEREFORE**, Cybage Software Pvt. Ltd., prays that this Court find Go Banyan violated the Utah Uniform Voidable Transactions Act when it transferred its assets to Nuvi, that Go Banyan, Nuvi, and all persons or entities who received Go Banyan's assets or the proceeds from the sale of Go Banyan's assets be enjoined from disposing of any monies received in conjunction with such sale, that a receiver be appointed to take care of the assets of the transferor, and that Go Banyan and Nuvi and their respective owners be otherwise ordered to

hold Go Banyan's assets and/or the proceeds from the sale of Go Banyan's assets in a constructive trust, pay damages to Cybage in an amount to be determined by this Court, to include but not limited to actual damages, attorney fees and costs as a prevailing party and grant such other and further relief as this Court may deem appropriate.

## COUNT IV
### Utah Uniform Voidable Transactions Act Section 25-6-1 et seq
### (Alternative Count vs Go Banyan and Nuvi)

40. Cybage adopts and incorporates each of the above paragraphs 1 through 39 as if fully reinstated and incorporated into this paragraph.

41. Cybage was a creditor of Go Banyan before Go Banyan transferred its assets to Nuvi.

42. Go Banyan transferred the Deliverables of Cybage without receiving a reasonably equivalent value in exchange for the transfer or obligation.

43. Upon information and belief, Go Banyan became insolvent as a result of the transfer to Nuvi.

**WHEREFORE**, Cybage Software Pvt. Ltd., prays that this Court find Go Banyan violated the Utah Uniform Voidable Transactions Act when it transferred its assets to Nuvi, that Go Banyan, Nuvi, and all persons or entities who received Go Banyan's assets or the proceeds from the sale of Go Banyan's assets be enjoined from disposing of any monies received in conjunction with such sale, that a receiver be appointed to take care of the assets of the transferor, and that Go Banyan and Nuvi and their respective owners be otherwise ordered to hold Go Banyan's assets and/or the proceeds from the sale of Go Banyan's assets in a

constructive trust, pay damages to Cybage in an amount to be determined by this Court, to include but not limited to actual damages, attorney fees and costs as a prevailing party and grant such other and further relief as this Court may deem appropriate.

## COUNT V
## Successor Liability
## (Alternative Count vs. Nuvi)

44. Cybage adopts and incorporates each of the above paragraphs 1 through 43 as if fully reinstated and incorporated into this Paragraph.

45. Based on information and belief, including representations made by Nuvi's Corporate Counsel, Nuvi purchased all or substantially all of the assets of Go Banyan.

46. Based on information and belief, including statements made by Nuvi employees in emails to Cybage and statements regarding the "merger" made on Nuvi's own website, Nuvi accepted the debts and obligations of Go Banyan.

47. Notwithstanding any characterization to the contrary in any contract that may exist between Go Banyan and Nuvi, the sale of substantially all assets of Go Banyan to Nuvi amounted to a merger and Nuvi is merely a continuation of Go Banyan. Nuvi operates out of the same space that Go Banyan operated out of; it retained a vast majority of Go Banyan employees; it utilizes the computers and software that Go Banyan utilized; it retained forms, IP, manners of doing business, and other indicia of being a successor.

48. On information and belief, the sale of assets or other contractual mechanism between Nuvi and Go Banyan was drafted to prevent the payment of funds owed to Cybage

and/or other creditors. In short, the sale of Go Banyan asserts was done to fraudulently escape liability for such debtors.

49. After the merger, nearly a dozen or more Nuvi employees worked with Cybage over the next several months to revise and communicate with respect to the Cybage Deliverables. Nuvi employees also indicated that Nuvi would be paying for Cybage's services.

**WHEREFORE**, Cybage Software Pvt. Ltd., prays that this Court find Nuvi to have successor liability with respect to the Agreement, and that Nuvi be ordered to pay damages to Cybage in an amount to be determined by this Court not less than $133,757.00 and to include all interest, attorneys fees and costs as a prevailing party, as well as any and all further relief as this Court may deem just.

## COUNT VI
## Unjust Enrichment
## (Alternative Count vs. Nuvi)

50. Cybage adopts and incorporates each of the above paragraphs 1 through 49 as if fully reinstated and incorporated into this paragraph.

51. As part of the "merger" between Go Banyan and Nuvi, Nuvi took control and dominion of assets that included the Deliverables provided by Cybage.

52. After the "merger" Cybage provided additional Deliverables that were accepted by Nuvi.

53. Upon information and belief, Nuvi is actively utilizing and/or monetizing the Deliverables provided by Cybage.

11

54. Cybage conferred a benefit upon Nuvi by virtue of Nuvi's acceptance of Cybage Deliverables.

55. Nuvi had knowledge of the benefits both obtained through the merger with Go Banyan directly and provided by Cybage directly to Nuvi.  Nuvi, in fact, paid one outstanding invoice with respect to the Deliverables.

56. Nuvi accepted and/or retained the benefits conferred by Cybage under circumstances that make it inequitable for Nuvi to retain the benefit without payment of its value.

**WHEREFORE**, Cybage Software Pvt. Ltd., prays that this Court find Nuvi to have been unjustly enriched, and that Nuvi be ordered to pay damages to Cybage in an amount not less than $133,757.00, to be determined by this Court, as well as any and all further relief as this Court may deem just.

## PRAYER FOR RELIEF

WHEREFORE, Cybage respectfully prays for judgment in its favor granting the following relief:

(a) An award of damages in an amount no less than $133,757,00, to be determined by the Court, and including interest;

(b) An award of Cybage's attorneys' fees and costs incurred in bringing this action;

(c) An order enjoining Go Banyan, Nuvi, and all persons or entities who received Go Banyan's assets or the proceeds from the sale of Go Banyan's assets from disposing

of any monies received in conjunction with such sale until and unless Cybage is paid in full for the Deliverables, including interest, fees and costs;

(d) Such other and further relief as this Court may deem just and proper.

## JURY DEMAND

Pursuant to Federal Rule of Civil Procedure 38(b), Cybage hereby demands a trial by jury on all issues so triable.

Dated this 9th day of October, 2019.

          Respectfully submitted,

By:  */s/ Lara A. Swensen*
   Lara A. Swensen
   HATCH JAMES & DODGE, P.C

   Jon D. Cohen
   Stahl Cowen Crowley LLC

   *Attorneys for Plaintiff, Cybage Software Pvt. Ltd.*